UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MABEN,

        Plaintiff,                    CIVIL ACTION NO. 14-12899

   vs.                          DISTRICT JUDGE LAWRENCE P. ZATKOFF

                                  MAGISTRATE JUDGE MONA K. MAJZOUB
ANN TERHUNE, et. al.

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

      Plaintiff James Maben, currently a prisoner at the Central Michigan Correctional Facility in St. Louis, Michigan, filed this action under 42 U.S.C. § 1983 against Anne Terhune, his ex-wife; St. Clair County Circuit Court Judge John Tomlinson; the County of St. Clair; and Dana L VanDrew, Ms. Terhune's attorney. (Docket no. 1.) Plaintiff also includes his two minor children, E.M and J.M. as "plaintiffs" in his initial caption. (*Id.* at 5.) In his Complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment due-process rights and his Sixth Amendment right to access the courts by failing to properly serve him with a notice of hearing related to a custody hearing in St. Clair County. (*Id.* at 3.) He further alleges that he and his children suffered intentional infliction of emotional distress. (*Id.* at 3-4.) And he alleges that Defendants violated 42 U.S.C. § 16901 by "failing to protect minor children from sex offenders." (*Id.* at 6.) Plaintiff seeks $5,000,000 in damages for himself and for each of his children for IIED and an additional $200,000 "per child" for loss of consortium. (*Id.*) He also seeks a "permant (sic) no contact order between pedophile Mr. Casey and children" and "full parental rights." (*Id.* at 4.)

1

Before the Court are Defendant VanDrew's Motion to Dismiss or for Summary Judgment (docket no. 16) and Defendants St. Clair and Tomlinson's Motion for Summary Judgment (docket no. 28.) Rather than file a response to Defendant VanDrew's Motion, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss, which is also currently before the Court.[1] (Docket no. 22.) Defendant filed a Response (docket no. 25), and Plaintiff filed a Reply (docket no. 27). Plaintiff did file a Response to Defendants St. Clair and Tomlinson's Motion for Summary Judgement. (Docket no. 30.) Defendants filed a Reply. (Docket no. 31.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 15.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.   Recommendation

For the reasons that follow, the undersigned recommends granting Defendant VanDrew's Motion to Dismiss or for Summary Judgment (docket no. 16) and granting Defendants St. Clair and Tomlinson's Motion for Summary Judgment (docket no. 28). The Court should deny Plaintiff's Motion to Strike (docket no. 22). The Court should additionally dismiss Plaintiff's claims against Defendant Terhune under 28 U.S.C. § 1915 and then deny Plaintiff's outstanding motions (docket nos. 4 and 14) as moot. Thus, this matter should be dismissed in its entirety.

## II.   Report

### A.   Facts

Plaintiff alleges that he and his ex-wife, Defendant Terhune, were divorced in 2009 and that

---

[1] Also pending in this matter are Plaintiff's Motion for Discovery (docket no. 4) and Plaintiff's Motion Objecting to the Clerk's Denial of Default (docket no. 14). Because the Court should dismiss this matter in its entirety, the Court should deny Plaintiff's outstanding motions as moot.

2

they had joint custody of their two children, E.M. and J.M. (Docket no. 1 at 7.) And according to Plaintiff, at that time, there was a no-contact order barring contact between James Casey, Defendant Terhune's boyfriend, whom Plaintiff refers to as a "convicted pedophile," and E.M. and J.M. for "behavior consistant (sic) with C.S.C. 3rd degree." (*Id*. at 11.) The no-contact order, however, was included in the terms of the joint-custody agreement; it was not the result of a criminal conviction or any criminal charges. (*See* docket no. 28-2 at 1.)

In September 2013, Plaintiff pled guilty to Assault by Strangulation of Suffocation in violation of M.C.L. 750.841B, 769.12. After his conviction, Defendant Terhune, through her attorney, Defendant VanDrew, filed a motion in St. Clair County Circuit Court seeking sole legal custody of her children and a removal of the no-contact order related to Mr. Casey. (*Id.*) In support of her Motion, Defendant Terhune asserted that none of the allegations made by Plaintiff against Mr. Casey had been substantiated by Child Protective Services. (*Id.* at 1-2.) Defendant Terhune's Motion and a Notice of Hearing were served on all of the interested parties, including Plaintiff, "by mail to their last known address." (Docket no. 28-3.) After a short hearing in which Defendant VanDrew argued on behalf of her client, Judge Tomlinson cut her off, at which time he granted Defendant Terhune's motion:

> . . . . I think obviously actions speak louder than words, and I want everybody to understand that. Mr. Maben has demonstrated through a consistent failure to do what this Court has asked of him, that he is an appropriate parent, or that he's an inappropriate parent. He's not demonstrated that he can even be appropriate.
>
> There has (sic) been a number of efforts by this Court to try to, to facilitate or permit a relationship between the children and Mr. Maben. He has not met those efforts with appropriate behavior, and that's really what it kind of comes down to. I'd like to leave the window open for everyone so that they can demonstrate that, you know, maybe I've made some mistakes but I'm going to be able to do this. I am not somebody that's going to continue to make those efforts when I'm not met with cooperation by him.

>His most recent incarceration obviously is consistent with the other behaviors that he's exhibited in the past. Habitual fourth is not something that you get too easily, and so it is very significant incarceration. It also effectively removes him from being an appropriate parent for these children for the remainder of their minority. . . .
>
> . . .
>
> . . . . The other thing I'm going to say about Ms. (sic) Casey, I want to explain the reason I put limitations on Mr. Casey was at that point I was working on, working on a relationship. There were a number of distractions. Mr. Casey's criminal record was concerning. I think that Ms. Terhune has demonstrated a willingness and an ability to keep her children safe, even in the light of potential dangers from other people.
>
> I'm not certain that Mr. Casey presents any danger like that, but I'm going to tell you given Ms. Terhune's sole legal and physical custody I assume that she's going to do what is in the best interest of her children. . . .

(Docket no. 28-4 at 5-7.)

Following termination of his parental rights, Plaintiff filed his instant Complaint. As noted, he alleges that Defendants Terhune, VanDrew, Tomlinson, and St. Clair violated his due-process rights and his right of access to the courts when he was not notified about or allowed to attend the custody hearing. He further alleges that removing the no-contact order violates 42 U.S.C. § 16901 and that the Defendants' actions resulted in intentional infliction of emotional distress. (*See* docket no. 1.)

### B.    Legal Standards

#### 1.    Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281

F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### 2. Motion for Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v.*

*Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

    **C.    Analysis**

        **1.    Plaintiff's Motion to Strike**

As noted, in lieu of filing a response to Defendant VanDrew's Motion, Plaintiff filed a Motion to Strike the same. (Docket no. 22.) In his Motion, Plaintiff asserts that Defendant's Motion is untimely. (*Id.* at 2.) Plaintiff's Motion is without merit.

Plaintiff filed his Complaint on July 24, 2014, at which time he also moved to proceed in this matter without payment of fees or costs. (Docket nos. 1 and 2.) On July 30, 2014, the Court granted Plaintiff's Motion and ordered the U.S. Marshal to effectuate service. (Docket no. 6.) The Marshal's Office acknowledged receipt of service of process documents on August 5, 2014. (Docket no. 8.) On August 25, 2014, Defendant VanDrew executed a Waiver of Service of Summons form, which was sent to her by the U.S. Marshal. (Docket no. 13.) By executing this form, Defendant VanDrew had 60 days to file her responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(ii).

Plaintiff argues that Defendant's Motion was "some 65 days late," but he misinterprets the appropriate dates and calculation of time under the Federal Rules. Under Rule 12, if Defendant waives service, a responsive pleading is due "withing 60 days *after the request for a waiver was sent*." Fed. R. Civ. P. 12(a)(1)(A)(ii) (emphasis added). It is unclear exactly when the U.S. Marshal's Office sent the request for waiver, but the request could not have been sent before the Marshal's Office received the service of process documents on August 5, 2014. Thus, Defendant's responsive pleading was due, at the earliest, on October 6, 2014.[2] Defendant filed her Motion to

---

[2] Assuming the Marshall's Office sent the request for waiver on August 5, 2014, Defendant's responsive pleading would have been due on October 4, 2014. Because October 4, 2014, was a Saturday, the pleading would have been due the next business day, October 6, 2014.

Dismiss on September 25, 2014. (Docket no. 16.) Therefore, Plaintiff's Motion should be denied, and the Court should consider Defendant's Motion to Dismiss or for Summary Judgment on the merits.

### 2. Plaintiff's Claims Against Defendant VanDrew

Plaintiff brings his claims under 28 U.S.C. § 1983. To establish a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove that a right secured by the Constitution or a federal law has been violated, and that the violation was caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted). A private party may be deemed to be a state actor and thus acting under the color of state law if the party's actions are "fairly attributed to the state." *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir.2007) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *West v. Atkins*, 487 U.S. at 49. The Sixth Circuit relies on the public function test, state compulsion test, and symbiotic relationship (or nexus) test in determining whether the actions of a private actor amount to state action. *Molnar v. Care House*, 574 F.Supp.2d 772, 783 (E.D. Mich.2008), *aff'd*, 359 Fed.Appx. 623 (6th Cir.2009).

> Under the public function test, a private party is deemed to be a state actor if the powers exercised by that party have traditionally been exclusively reserved to the state. *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir.1992). The standard used under this test is rigorous, and "[w]hile many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Brothers Inc. v. [Brooks],* 436 U.S. 149, 158, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). The state compulsion test involves determining whether the state has exercised such coercive power, or control over the defendant, that in law, the choice of the private actor is deemed to be that of the state. *Campbell v. PMI Food Equipment Group, Inc.,* 509 F.3d 776, 784 (6th Cir.2007); *Wolotsky v. Huhn, supra* ("More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives."). . . . Finally, under the symbiotic relationship or nexus test, a § 1983 claimant must "demonstrate that there

---

Fed. R. Civ. P. 6(a)(1).

> is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." *Chapman v. Higbee Co.,* 319 F.3d 825, 834 (6th Cir.2003).

*Molnar v. Care House*, 574 F.Supp.2d at 783-84. "Decisions as to whether a private action may be considered a 'state action' are fact specific and are made on a case-by-case basis." *Id.* at 783.

As Defendant VanDrew notes, Plaintiff has not alleged, and cannot show, that Defendant VanDrew acted under color of state law or that her actions were "fairly attributable to the state." The only act alleged by Plaintiff involving Defendant VanDrew is her filing of Defendant Terhune's Motion with regard to child custody and her alleged failure to serve Defendant with notice of the hearing. Even if the Court accepts as true Plaintiff's allegation that he was not properly notified of the custody hearing, Defendant VanDrew was acting as a private attorney representing a private client. Therefore, the Court should grant Defendant VanDrew's Motion and dismiss Plaintiff's Section 1983 claims against her.

Likewise, Plaintiff also asserts his claims under 42 U.S.C. § 16901 for "failing to protect minor children from sex offenders." (Docket no. 1 at 6.) Section 16901, however, is merely the Declaration of Purpose of the Sex Offender Registration and Notification Act (SORNA). Moreover, SORNA itself provides no private cause of action. Instead, the Act requires each jurisdiction to create a registry system and to provide a criminal penalty . . . for the failure of a sex offender to comply with the requirements." 42 U.S.C. § 16913. Even if Plaintiff had standing to bring such a claim, which he does not, he has failed to allege any facts that would constitute a violation of the Act.

Additionally, Plaintiff asserts state-law Intentional Infliction of Emotional Distress (IIED) claims against Defendants in general. To support such a claim, a plaintiff must show: "(1) extreme

and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Lewis v. LeGrow*, 670 N.W.2d 675, 689 (Mich. Ct. App. 2003) (citations omitted). Plaintiff makes general assertions that "Defendants have caused the plaintiffs more distress than one could be expected to endure." (Docket no. 1 at 7.) But other than his threadbare assertions, Plaintiff has failed to allege that Defendants acted with intent or recklessness or that they committed any "extreme and outrageous conduct." As noted, the only factual allegation levied against Defendant VanDrew is her filing of a motion on her client's behalf. Therefore, drawing on its judicial experience and common sense, the Court should dismiss Plaintiff's claim for intentional infliction of emotional distress against Defendant VanDrew.

### 3. Plaintiff's Claims Against Defendant Terhune

28 U.S.C. § 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding In Forma Pauperis and sua sponte dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or seeks monetary relief against a defendant who is immune from such relief. Such a review is appropriate with regard to Plaintiff's claims against his ex-wife. For the same reasons discussed with regard to Defendant VanDrew, Plaintiff has failed to state a claim against Defendant Terhune. Plaintiff's only factual allegation with regard to Defendant Terhune is that she filed a motion in state court for custody of her children. Filing such a motion is neither an action that is fairly attributable to the state nor is it extreme and outrageous conduct so as to support Plaintiff's IIED claim. Plaintiff's claims against Defendant Terhune should be dismissed.

### 4. Plaintiff's Claims Against St. Clair County

To state a claim against a county or a municipality under § 1983, a plaintiff must allege that

his injury was caused by an unconstitutional policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] 'custom' is a legal institution that is permanent and established, but is not authorized by written law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (citing *Monell*, 436 U.S. at 691). A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. *Memphis, Tenn. Area Local. Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Plaintiff has not alleged that St. Clair County has any unconstitutional policies or customs; indeed, Plaintiff has not alleged any facts related to St. Clair County whatsoever. Therefore, the Court should dismiss Plaintiff's Claims against St. Clair County.

And to the extent that Plaintiff intended to include the St. Clair County Friend of the Court as a Defendant, the Friend of the Court serves under the direction of the circuit court itself. M.C.L. §552.503(1)(creating the office of Friend of the Court in each judicial circuit). Thus, any claim against the St. Clair County Friend of the Court is a claim against the St. Clair County Circuit Court. As such, the St. Clair County Friend of the Court is entitled to Eleventh Amendment immunity. *See, e.g., Merritt v. Lauderbach*, No. 12–13645, 2013 WL 1148410, at *5 (Mar. 19, 2013) (concluding that Eleventh Amendment immunity shielded the Midland County Friend of the Court from the plaintiff's lawsuit).

### 5. Plaintiff's Claims Against Judge Tomlinson

It is widely recognized that judges enjoy absolute judicial immunity from lawsuits arising out of the performance of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Plaintiff's claims against Defendant Tomlinson arise out of his decision to grant Defendant Terhune's Motion in state court. Thus, Plaintiff's claims against Defendant Tomlinson involve only

the exercise of his judicial duties. He has not asserted facts alleging that Defendant acted in a nonjudicial function or acted in the complete absence of all jurisdiction. *Id.* at 11-12. Consequently, Defendant Tomlinson is immune from suit for his actions in this matter. Therefore, his Motion for Summary Judgment should be granted.

### D. Conclusion

For the above-stated reasons, the undersigned recommends granting Defendant VanDrew's Motion to Dismiss or for Summary Judgment (docket no. 16) and granting Defendants St. Clair and Tomlinson's Motion for Summary Judgment (docket no. 28). The Court should deny Plaintiff's Motion to Strike (docket no. 22). The Court should additionally dismiss Plaintiff's claims against Defendant Terhune under 28 U.S.C. § 1915 and then deny Plaintiff's outstanding motions (docket nos. 4 and 14) as moot. Thus, this matter should be dismissed in its entirety.

## III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  January 30, 2015         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served up counsel of record, Defendant Ann Terhune, and Plaintiffs James Maben, E.M., and J.M. on this date.

Dated:  January 30, 2015         s/ Lisa C. Bartlett
                                 Case Manager