UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MABEN,

               Plaintiff,

v.

ANN TERHUNE, ET AL.,

               Defendants.

_____/

Case No. 14-12899

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER ADOPTING REPORT AND RECOMMENDATION [33]; DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT TERHUNE; GRANTING DEFENDANT COUNTY OF ST. CLAIR AND DEFENDANT TOMLINSON'S MOTION FOR SUMMARY JUDGMENT [28]; GRANTING DEFENDANT VANDREW'S MOTION TO DISMISS [16]; DENYING PLAINTIFF'S MOTION TO STRIKE MOTION TO DISMISS [22]; DENYING AS MOOT PLAINTIFF'S MOTION FOR DISCOVERY [4]; DENYING AS MOOT PLAINTIFF'S MOTION OBJECTING TO CLERK'S DENIAL OF DEFAULT [14]; AND CLOSING CASE**

On January 30, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) [Dkt. #33] concerning all pending matters. The Magistrate Judge recommended dismissal of all of Plaintiff's claims. No party filed any objection to the R&R. On March 19, 2015, the Court issued an Order [34] adopting the R&R and dismissing all of Plaintiff's claims, along with a final Judgment [35]. On April 20, 2015, Plaintiff filed a Motion to Alter or Amend Judgment [36],

claiming that he never received a copy of the R&R.  On October 7, 2015, the Court

issued an Order [42] vacating the judgment and directing service of the R&R on

Plaintiff.

On October 26, 2015, Plaintiff filed Objections to the R&R [43].  Defendant

VanDrew filed a Response [44] on October 28, 2015.  Defendants St. Clair County,

St. Clair County Friend of Court, and Judge Tomlinson filed their own Response [45]

on November 5, 2015.

For the reasons stated below, the Court **ADOPTS** the R&R [33].  Plaintiff's

claims are **DISMISSED**.

## FACTUAL BACKGROUND

The R&R summarized the record as follows:

> Plaintiff alleges that he and his ex-wife, Defendant Terhune, were
> divorced in 2009 and that they had joint custody of their two children,
> E.M. and J.M. (Docket no. 1 at 7.) And according to Plaintiff, at that
> time, there was a no-contact order barring contact between James Casey,
> Defendant Terhune's boyfriend, whom Plaintiff refers to as a "convicted
> pedophile," and E.M. and J.M. for "behavior consistant (sic) with C.S.C.
> 3rd degree." (*Id.* at 11.) The no-contact order, however, was included in
> the terms of the joint-custody agreement; it was not the result of a
> criminal conviction or any criminal charges. (See docket no. 28-2 at 1.)
>
> In September 2013, Plaintiff pled guilty to Assault by
> Strangulation of Suffocation in violation of M.C.L. 750.841B, 769.12.
> After his conviction, Defendant Terhune, through her attorney,
> Defendant VanDrew, filed a motion in St. Clair County Circuit Court
> seeking sole legal custody of her children and a removal of the no-
> contact order related to Mr. Casey. (*Id.*) In support of her Motion,
> Defendant Terhune asserted that none of the allegations made by
> Plaintiff against Mr. Casey had been substantiated by Child Protective
> Services. (*Id.* at 1-2.) Defendant Terhune's Motion and a Notice of

2

Hearing were served on all of the interested parties, including Plaintiff, "by mail to their last known address." (Docket no. 28-3.) After a short hearing in which Defendant VanDrew argued on behalf of her client, Judge Tomlinson cut her off, at which time he granted Defendant Terhune's motion:

> . . . . I think obviously actions speak louder than words, and I want everybody to understand that. Mr. Maben has demonstrated through a consistent failure to do what this Court has asked of him, that he is an appropriate parent, or that he's an inappropriate parent. He's not demonstrated that he can even be appropriate.
>
> There has (sic) been a number of efforts by this Court to try to, to facilitate or permit a relationship between the children and Mr. Maben. He has not met those efforts with appropriate behavior, and that's really what it kind of comes down to. I'd like to leave the window open for everyone so that they can demonstrate that, you know, maybe I've made some mistakes but I'm going to be able to do this. I am not somebody that's going to continue to make those efforts when I'm not met with cooperation by him.
>
> His most recent incarceration obviously is consistent with the other behaviors that he's exhibited in the past. Habitual fourth is not something that you get too easily, and so it is very significant incarceration. It also effectively removes him from being an appropriate parent for these children for the remainder of their minority. . . .
>
> . . .
>
> . . . . The other thing I'm going to say about Ms. (sic) Casey, I want to explain the reason I put limitations on Mr. Casey was at that point I was working on, working on a relationship. There were a number of distractions. Mr. Casey's criminal record was concerning. I think that Ms. Terhune has demonstrated a willingness and an ability to keep her children safe, even in the light of potential dangers from other people.
>
> I'm not certain that Mr. Casey presents any danger like that, but I'm going to tell you given Ms. Terhune's sole legal and physical custody I assume that she's going to do what is in the best interest of her children. . . .

3

(Docket no. 28-4 at 5-7.)

Following termination of his parental rights, Plaintiff filed his instant Complaint.

### ANALYSIS

Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his due process rights and his right of access to the courts.  He also brings a claim under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16901 et seq., for "failing to protect minor children from sex offenders."  Finally, he brings a state law claim for intentional infliction of emotional distress (IIED).

The R&R concluded that all of Plaintiff's claims should be dismissed.  It recommended dismissing his claims against Judge Tomlinson under the doctrine of absolute judicial immunity.  It concluded that Plaintiff cannot maintain his § 1983 claims against the St. Clair County Defendants because he has alleged no unconstitutional policy or custom.  It concluded that his § 1983 claims fail against Defendants VanDrew and Terhune as well because neither defendant was acting under the color of state law.  It recommended dismissing Plaintiff's SORNA claim on the grounds that SORNA does not create a private cause of action.  Finally, it concluded that Plaintiff failed to allege extreme and outrageous conduct sufficient to state an IIED claim.

Plaintiff raises six objections to the R&R.  The Court must review the relevant portions of the R&R *de novo.*  28 U.S.C. § 636(b)(1)(c).

4

## I.  Criminal history of Defendant Terhune's boyfriend

Plaintiff seeks to correct an alleged factual error in the R&R.  Plaintiff claims that Defendant Terhune's boyfriend, James Casey, has been convicted of sex offenses against children.  Plaintiff asserts that the R&R overlooked this fact.  However, the R&R did not rely on Casey's criminal history, or lack thereof, in analyzing Plaintiff's claims.  Since Plaintiff identifies no way in which the alleged factual error undermined the R&R's analysis, this objection is unavailing.

## II.  Defendants' failure to notify Plaintiff of custody hearing

In his second objection, Plaintiff seeks to correct another alleged factual error in the R&R.  Plaintiff notes that in summarizing the record, the R&R stated that Defendant Terhune's motion and notice of hearing were served on Plaintiff by mail to his last known address.  Plaintiff asserts that he was never served.  However, the R&R did not overlook this allegation.  It specifically stated that Plaintiff's § 1983 claims failed against Defendants VanDrew and Terhune because they were not acting under color of state law "[e]ven if the Court accepts as true Plaintiff's allegation that he was not properly notified of the custody hearing."  The R&R did not rely on a finding of proper service with respect to Plaintiff's other claims, either.  Thus, Plaintiff has not shown that the R&R misconstrued his factual allegations or, if it did, that the mistake undermined its analysis.

**III-IV.**       **Construction of claims against Defendants VanDrew and Terhune**

Plaintiff does not challenge the R&R's conclusion that he cannot maintain his § 1983 claims against Defendants VanDrew and Terhune because he has not alleged that they acted under the color of state law.   However, in his third and fourth objections, Plaintiff argues that the R&R should have construed these § 1983 claims as intentional tort claims under state law.   He does not identify any particular tort theory that may be supported by his factual allegations.   As noted, Plaintiff specifically raised a state-law tort claim for IIED.   The R&R concluded that the IIED claim fails for failure to allege extreme and outrageous conduct—and Plaintiff does not object to that conclusion.   Thus, Plaintiff appears to argue that the R&R should have construed the § 1983 claims under some tort theory other than IIED.   Since Plaintiff has not identified any such theory supported by his allegations, the objection is unavailing.

**V.**       **Discovery regarding unconstitutional policies or customs**

Plaintiff objects that it would be premature to dismiss his § 1983 claims against the St. Clair County Defendants for failure to allege an unconstitutional policy or custom without first allowing him to conduct discovery.   However, it is appropriate to dismiss a plaintiff's claim prior to discovery if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Here, as the R&R noted, "Plaintiff has not alleged any facts related to St. Clair County whatsoever."  Plaintiff has not met the pleading standards required to proceed to discovery.

## VI.   Judicial immunity

Plaintiff objects to the R&R's conclusion that his claims against Judge Tomlinson are barred by the doctrine of judicial immunity.  He emphasizes the Supreme Court's instruction that judicial immunity does not apply where a judge acts in the "clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)).  He argues that Judge Tomlinson acted in the clear absence of all jurisdiction because Plaintiff was not properly served, depriving Judge Tomlinson's court of personal jurisdiction over Plaintiff.  However, it is only the absence of *subject-matter* jurisdiction, not personal jurisdiction, that may abrogate judicial immunity.  *Leech v. Deweese*, 689 F.3d 538, 542–43 (6th Cir. 2012) (citing *Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2001)).  Plaintiff's objection is therefore unavailing.

CONCLUSION

For the reasons stated above, the R&R is **ADOPTED** and entered as the findings and conclusions of the Court.  Accordingly,

7

**IT IS ORDERED** that Plaintiff's claims against Defendant Terhune are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant County of St. Clair and Defendant Tomlinson's Motion for Summary Judgment [28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant VanDrew's Motion to Dismiss [16] is **GRANTED**.   Plaintiff's Motion to Strike the Motion to Dismiss [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery [4] and Plaintiff's Motion Objecting to Clerk's Denial of Default [14] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

**SO ORDERED**.

<u>s/Arthur J. Tarnow</u>
Arthur J. Tarnow

Dated: December 8, 2015          Senior United States District Judge

8